### LOUSHAY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE TO WORK—RAILROADS—
   DEFECTIVE SWITCH—EVIDENCE—SUFFICIENCY.
   Evidence in an action against a railroad company for negligently failing to keep a switch in repair, and thus causing the death of a switchman, *held* insufficient to show negligence on the part of defendant.

Appeal from trial term, Orange county.

Action by Carrie Loushay, as administratrix of the estate of Adelbert E. Loushay, against the Erie Railroad Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
Thomas Watts, for respondent.

GOODRICH, P. J. Plaintiff's intestate was a switchman in the employ of the defendant at its yard in Middletown, where he had been so employed for four months. He was attempting to throw the handle of a jack switch, when it came up suddenly, and struck him so that he was killed, either by the blow from the handle or by being thrown against something. The plaintiff alleges that it was the defendant's duty to supply the intestate with a substantially safe place

to work and safe means and materials for the business, and to keep the same in proper repair; that it failed in this duty; that the switch and its appurtenances were out of repair, and were defective and dangerous; and that by reason thereof the intestate was killed, without any negligence on his part. Under these allegations the plaintiff was bound to prove, not only that the switch was out of order, but that such disorder was the cause of the accident. Even if we assume that the jury was justified in finding that the switch was out of order, a minute and careful examination of the evidence fails to disclose any testimony from which the jury could properly find, or from which it could even draw an inference, that the defect was the cause of the accident. The proof was limited to establishing that the bar by which the switch was worked had been bent. There was considerable evidence tending to prove that even in that condition the switch could be locked and worked. Therefore the mere fact that the switch was out of order in that particular did not tend necessarily to prove that because of that defect the engine opened the switch and caused the accident. In other words, the testimony is quite consistent with the existence of a defect in the bar which did not operate to cause the accident. At the close of the plaintiff's case, and again at the close of the whole evidence, the defendant's counsel moved for a dismissal of the complaint, and the refusal of the motion was error for which the judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.