mittee," at least, should be made parties to the action, as is pleaded by the defendant's answer.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except CHASE, J., who dissents.

LOUSHAY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. MASTER AND SERVANT—DEATH OF SERVANT—ASSUMPTION OF RISK.

Deceased, a railroad switchman, was killed, while attempting to throw the handle of a jackknife switch, by the wheels of an engine or car striking the switch point or moveable rail in such a manner as to cause the handle to fly back and strike deceased. Plaintiff claimed not only that the switch was out of order, but, as originally constructed, was faulty in design, and that the accident, in some degree, was due to such improper mode of construction. Deceased was a switchman of experience, had been employed by defendant for a number of years, had worked for some months in the yard where the accident occurred, and the mode of construction of the switch was perfectly obvious to ordinary observation. *Held*, that deceased assumed the risk of such defective construction, if any.

Appeal from Trial Term, Orange County.

Action by Carrie Loushay, as administratrix of the estate of Adelbert E. Loushay, deceased, against the Erie Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Thomas Watts, for appellant.

Henry Bacon (Joseph Merritt, on the brief), for respondent.

HIRSCHBERG, P. J. This case was considered by us on appeal from a judgment recovered by the plaintiff, and we held that on the facts as then disclosed there should have been a nonsuit. See Loushay v. Erie Railroad Company, 75 App. Div. 619, 78 N. Y. Supp. 144. The plaintiff's intestate was killed while attempting to throw the handle of a jackknife switch, the wheels of an engine or car upon the track striking the switch point or moveable rail at the time in such a manner as to cause the handle to fly up and strike him with great force and violence. The negligence assigned was that the handle bar was bent, and therefore out of order; but we could find no proof in the case that the bent bar was in any respect the cause of the accident. In other words, there was nothing to indicate that the engine would not have opened the switch and thrown the handle quite as effectually had the handle bar been straight as it did with that bar bent. The proof in this respect does not differ materially as presented by the record now before us. The plaintiff, however, sought to prove not only that the switch was out of order, but that, as originally constructed, the design was faulty, and that the accident was due in some degree to such improper mode of construction.

The plaintiff's intestate was a switchman of experience, had been employed by the defendant a number of years, and had worked for some months in the yard where the accident occurred. The mode of construction of the switch was perfectly obvious, and must be deemed, within the principle of a long line of cases, to involve a risk of the employment. There was nothing either in the mode of construction or in the actual condition of the switch at the time of the occurrence which had not existed for a considerable period, or which was not discoverable by ordinary observation. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.